Case 1:11-cv-00355-ABJ   Document 1   Filed 02/10/11   Page 1 of 8



FILED
FEB 10 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, AS SUCCESSOR BY MERGER TO THE FIDELITY AND CASUALTY COMPANY OF NEW YORK<br><br>Plaintiff,<br><br>v.<br><br>THE SANDI GROUP, INC., A DELAWARE CORPORATION, DOES 1 through 100, Inclusive,<br><br>Defendants. | Case: 1:11-cv-00355<br>Assigned To : Leon, Richard J.<br>Assign. Date : 2/10/2011<br>Description: Contract |

## COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

**The Insurance Policy At Issue**

1. The Defense Base Act, 42 U.S.C. 1651, et. seq. provides workers' compensation protection to civilian employees working outside the United States on United States military bases or under a contract with the United States government for public works or for national defense.

2. The Defense Base Act is an extension of the Longshore and Workers' Harbor Act, 33 U.S.C 901, et. seq.

3. Plaintiff The Continental Insurance Company, as successor by merger to The Fidelity and Casualty Company of New York ("Continental"), issued a policy of

insurance to Computer Sciences Corporation ("CSC") (a public company established under the laws of Nevada and located in Virginia) under policy number DOS 22 390 7481, for the period July 1, 2003 to July 1, 2004 ("the Continental Policy").

4.  The Continental Policy provided CSC with Workers' Compensation Insurance under the Defense Base Act for its U.S. Employees (e.g., United States citizens assigned to work in Iraq).

5.  On information and belief, prior to and during the term of coverage, DynCorp (a public company established under the laws of Delaware and located in Fort Worth, Texas) was a wholly owned subsidiary of CSC.

6.  Policy DOS 22 390 7481 lists various Department of State contracts including prime contract S-LMAQM-03-C-0028 ("Prime Contract 0028").

**The Insurance Dispute**

7.  A controversy exists regarding coverage between Continental and the Sandi Group, Inc. (a Delaware corporation located in Washington, D.C.).

8.  The Sandi Group, Inc. ("Sandi Group") is asserting that Iraqi local national employees were working under a subcontract between DynCorp and Corporate Bank Financial Services ("Corporate Bank"). ("Subcontract 03-002.")

9.  On information and belief, the Sandi Group and Corporate Bank are separate companies. Corporate Bank is a company established under the laws of, and located in, the District of Columbia.

10.  On information and belief, the Sandi Group was not a party to Subcontract 03-002, and was not insured under the Continental Policy, but Sandi Group asserts that it

2

has coverage rights under the Continental Policy for its employees working under Prime Contract 0028.

**The Department of State Contract With Dyncorp**

11.  On information and belief, the Department of State awarded Prime Contract 0028 to DynCorp on or about April 18, 2003.

12.  The statement of work under Prime Contract 0028 provided advisors for police, prisons, and the judicial system in Iraq.

13.  On information and belief, Prime Contract 0028 was modified and extended for one year on or about April 15, 2004.

**The Dyncorp Subcontract With Corporate Bank**

14.  In or about May, 2003, DynCorp entered into Subcontract 03-002 with Corporate Bank.

15.  Subcontract 03-002 had a base period of one year, with a term of May 1, 2003 to April 30, 2004 with an option period from May 1, 2004 to April 30, 2005. Subcontract 03-002 was cost-plus-fixed-fee issued in support of Prime Contract 0028.

## PARTIES

16.  Plaintiff Continental is a Pennsylvania corporation that maintains its principal place of business in Chicago, Illinois.

17.  Upon information and belief, Defendant Sandi Group is a Delaware corporation that maintains its principal place of business in Washington, D.C.

## JURISDICTION AND VENUE

18. This Court has diversity of citizenship jurisdiction in this matter, pursuant to 28 U.S.C. § 1332 (because this case is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs), and pursuant to the federal Declaratory Judgment Act 28 U.S.C. § 2201 et seq.

19. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because, based upon information and belief, Defendant Sandi Group is subject to personal jurisdiction in this judicial district.

20. An actual controversy presently exists between the parties as to whether Sandi Group is entitled to Defense Base Act insurance from Continental under the Continental Policy.

21. A declaratory judgment will terminate the uncertainty and controversy between the parties.

## ALLEGATIONS

22. Continental alleges that Sandi Group is not insured under the Continental Policy.

23. On information and belief, Iraqi local nationals who were employed by Sandi Group have been injured or killed during the period July 1, 2003 to July 1, 2004, the term of the Continental Policy.

24. Of these claimants, some of the injuries or fatalities came before April 22, 2004 when the Continental Policy did not provide Defense Base Act coverage for Iraqi local nationals.

25. On information and belief, Sandi Group did not timely file LS-202s (Employers' First Report of Accident) with the Department of Labor as required by law.

26. On information and belief, Sandi Group paid benefits for over four years with respect to some of its employees before filing LS-202s or asserting that it had Defense Base Act coverage with Continental.

27. On information and belief, Sandi Group asserts that certain of its employees were injured or killed while working under Subcontract 03-002 in support of the Prime Contract 0028.

28. Subcontract 03-002 contains a no assignment/subcontracting provision that states "[Corporate Bank] shall not assign the Subcontract without the prior written consent of [DynCorp]."

29. Corporate Bank was not authorized to assign or subcontract work under Subcontract 03-002 to Sandi Group.

## FIRST COUNT

### Declaratory Judgment that the Continental Policy Covers U.S. Employees and Not Local Nationals prior to April 22, 2004

30. Continental incorporates each and every allegation contained in this Complaint, as though fully set forth herein.

31. Sandi Group is asserting that the Continental policy provides Defense Base Act insurance to its employees who are Iraqi local nationals.

32. Continental asserts that, at least until April 22, 2004, the Continental Policy limited Defense Base Act coverage to U.S. Employees.

33. Continental has no adequate remedy at law.

34. Continental seeks a declaration that policy DOS 22 390 7481 covers U.S. Employees prior to April 22, 2004 and not local nationals.

## SECOND COUNT

### Declaratory Judgment that Sandi Group Employees Are Not Covered under the Continental Policy

35. Continental incorporates each and every allegation contained in this Complaint, as though fully set forth herein.

36. Sandi Group is asserting that the Continental Policy provides Defense Base Act insurance to its employees who are Iraqi local nationals.

37. Continental asserts that Sandi Group cannot establish rights to coverage for various reasons, including:

   1) Sandi Group is not a named insured under the Continental Policy.

   2) Sandi Group is not a party to Prime Contract 0028.

   3) Sandi Group is not a party to the Subontract 03-002.

   4) Corporate Bank and Sandi Group are separate companies.

   5) Subcontract 03-002 has a no assignment/subcontract provision.

   6) Sandi Group waited over four years to file LS-202s or provide Continental notice of that it was asserting rights to coverage under the Continental Policy.

    7)    Continental has been prejudiced by Sandi Group's delays providing notice of benefit claims.

    8)    The scope of work under Prime Contract 0028 would otherwise defeat coverage for local nationals working for Sandi Group.

38. Continental has no adequate remedy at law.

39. Continental seeks a declaration that Sandi Group employees are not entitled to benefits under the Continental Policy.

## PRAYER FOR RELIEF

Actual controversies have arisen between the parties entitling Continental to declaratory relief.

WHEREFORE, Continental prays that this Court:

(A) enter a judgment declaring that the Continental Policy does not provide coverage to local nationals or third party nationals before April 22, 2004.

(B) enter a judgment declaring that Sandi Group employees are not entitled to benefits under the Continental Policy.

(C) enter a judgment declaring that any benefits under the Continental Policy for Prime Contract 0028 are limited to the Department of State's scope of work under that contract.

  (D) grant Continental such additional or different relief as it deems just and proper, including an award of reasonable attorneys' fees and costs of this action.

Dated: February 10, 2010    Respectfully submitted,

              THOMPSON, LOSS & JUDGE, LLP

              _/s/ Peter Thompson_
              Peter G. Thompson, Esquire
              Unam Peter Oh, Esquire
              Two Lafayette Centre
              1133 21st Street, N.W., Suite 450
              Washington, D.C. 20036
              Telephone: (202) 778-4060
              Facsimile: (202) 778-4099
              Email: pthompson@tljlaw.com
              Email: poh@tljlaw.com

Of Counsel:

Kipp A. Landis, Esquire
COLLIAU ELENIUS MURPHY
 CARLUCCIO KEENER & MORROW
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Telephone: (213) 996-5100
Facsimile: (800) 392-1102

and

Jeffrey M. Ammons, Esquire
COLLIAU ELENIUS MURPHY
 CARLUCCIO KEENER & MORROW
333 S. Wabash Ave., 25th Floor
Chicago, IL 60604
Telephone: (312) 822-6212
Facsmile: (312) 817-2486