UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CONTINENTAL INSURANCE COMPANY as successor by merger to the Fidelity and Casualty Company of New York, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-0355 (ABJ) |
| SANDI GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Continental Insurance Company ("Continental") brought this declaratory judgment action to resolve an insurance coverage dispute arising out of a policy issued by the plaintiff to Computer Sciences Corporation, the parent company to DynCorp International ("DynCorp"), to provide workers' compensation insurance under the Defense Base Act (the "DBA"), 42 U.S.C. §1651 *et seq*. Compl. ¶¶ 1–5. Defendants have moved this Court to dismiss the case, or in the alternative, to stay the action. Based upon a review of the pleadings and exhibits submitted by the parties, the cases cited therein, and the arguments of counsel at the hearing on August 17, 2011, the Court will deny the motion to dismiss and deny the request for a stay as well.

**I.     Background**

The DBA, which is an extension of the Longshore and Harbor Workers' Compensation Act (the "LHWCA"), 33 U.S.C. § 901, *et seq.*, provides workers' compensation coverage to "employees engaged in public work overseas for a company under contract or subcontract with

the United States government." *Makris v. Spensieri Painting, LLC*, 669 F. Supp. 2d 201, 205 (D.P.R. 2009), citing 42 U.S.C. § 1651(a).  "In essence, the statute mandates that United States contractors and subcontractors procure workers' compensation for their employees." *Id.* According to the complaint, the insurance policy in question, Policy Number DOS 22 390 7841 (the "Policy"), pertains to several Department of State contracts, including a prime contract identified by the number S-LMAQM-03-C-0028 (the "Prime Contract").  Compl. ¶¶ 3–6.

The DBA provides the exclusive remedy for employees injured while performing work outside of the United States on a contract between their employers and the United States, 42 U.S.C. § 1651(c), and an employer who secures insurance coverage for its employees under the DBA enjoys immunity from any other claims.  *Makris,* 669 F. Supp. 2d at 206.  Under the terms of the LHWCA, if a subcontractor does not provide the required insurance, then the prime contractor is liable for and required to secure the compensation. 33 U.S.C. § 904.

Injured employees obtain compensation under the DBA through proceedings before the United States Department of Labor.  The instant action relates to DBA claims filed by Iraqi nationals who were employed by the defendant Sandi Group, Inc. ("Sandi Group") and who were injured or killed in connection with their employment.  Pending before the Department of Labor Office of Administrative Law Judges are a claim filed on behalf of Ashur G. Yacoub, who is deceased, Case No. 2010-LDA-00295, OWCP No. 02-180069, and a claim brought by Ziad G. Yaqoub, who was injured.  Case No. 2010-LDA-00296, OWCP No. 02-180068.  CorporateBank Financial Services/The Sandi Group is identified as the employer in those claims, and Continental Casualty Company is identified as the carrier.

In the consolidated matters before the Administrative Law Judge ("ALJ"), the Sandi Group has taken the position that the claimants were its employees, working under a subcontract

between the Sandi Group and DynCorp, for the benefit of the Prime Contract between DynCorp and the State Department.  *See* CorporateBank Financial Services/The Sandi Group's Brief Regarding Triable Issues ("Sandi Group's ALJ Brief"), attached as Exhibit 2 to Def.'s Mot. to Dismiss [Dkt. #8] at 2.  The Sandi Group also asserted in the ALJ matter that DynCorp was bound by its subcontract with the Sandi Group to provide DBA insurance, and that the Policy was thus obtained for the Sandi Group's benefit.  *Id.* at 5.

On February 7, 2011, Continental informed the ALJ that it intended deny to coverage for the claimant Sandi Group employees, on the grounds that the Policy did not cover foreign nationals, and it filed the instant declaratory judgment action in this Court on February 12.  In the wake of that revelation, the Sandi Group asserted in its brief to the ALJ: "if [Continental's] Policy does not cover Ashur Yaqoub and Ziad Yaqoub's incidents, under 33 U.S.C. § 904(a), DynCorp is the employer who is statutorily responsible for providing Defense Base Act coverage for these incidents."  *Id.* at 6.  The Sandi Group therefore requested that the ALJ adjourn the trial date that had been set and that DynCorp be joined as an indispensable party.  *Id.* at 16.  On February 25, 2011, the ALJ vacated the trial date in those cases to receive briefing on the question of whether DynCorp should be joined as an indispensable party.  *See* Order to Show Cause and Canceling the Formal Hearing ("Order to Show Cause" or "Order"), *Yacoub v. Corporate Bank Financial Services/The Sandi Group*, Case No. 2010-LDA-00295, OWCP No. 02-180069, attached as Exhibit 3 to Def.'s Mot. to Dismiss.  That briefing is complete, but as of the time of the hearing in this case on August 17, 2011, the ALJ had not yet ruled on the question of DynCorp's participation.

Defendants have moved this Court to dismiss the case, or in the alternative, to stay the action, on the grounds that the ALJ has jurisdiction over the insurance coverage dispute.

Although styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), defendants do not argue that plaintiff has failed to state a claim upon which relief can be granted. Rather, defendants argue that the Court should first allow the ALJ to rule on the coverage issues, and therefore the Court should decline to exercise jurisdiction over this case. Accordingly, the Court will treat defendant's motion as a motion to dismiss under the doctrine of primary jurisdiction, or in the alternative, as a motion to stay this action.[1] For the reasons described below, the Court will deny defendants' motion to dismiss and deny the request for a stay as well.

## II.   Analysis

The Sandi Group urges this court to dismiss this case on the grounds that it is the ALJ who must and who will rule on the insurance coverage issue in the first instance, and that if this Court undertakes to resolve the matter, there will be a risk of inconsistent rulings. Plaintiff submits that the ALJ lacks jurisdiction to hear the insurance coverage issue, and therefore, this Court should deny the motion. It also notes that there is an additional set of Sandi Group employees who have asserted claims under the policy who are not claimants in the pending ALJ action.

The Sandi Group points to the provision in the LHWCA that provides that an ALJ has jurisdiction over each "claim for compensation" and the "full power and authority to hear and determine all questions in respect of such claim." 33 U.S.C. § 919(a). But in support of its motion to dismiss, the Sandi Group does not point to any federal court cases which have held that this provision grants the ALJ the authority to decide a contested insurance coverage issue,

---

1   Under the primary jurisdiction doctrine, a district court may dismiss a case on the ground that an administrative agency is "best suited to make the initial decision on the issues in dispute, even though the district court has subject-matter jurisdiction." *American Ass'n of Cruise Passengers v. Cunard Line, Ltd.*, 31 F.3d 1184, 1186 (D.C. Cir. 1994), quoting *Allnet Commc'ns Svc., Inc. v. Nat'l Exch. Carrier Ass'n*, 965 F.2d 1118, 1120 (D.C. Cir. 1992).

much less any cases that found that the ALJ exercises such exclusive jurisdiction as to divest this Court of its ability to hear the case.[2]  Nor did the Sandi Group provide authority for the proposition that a district court should defer to the ALJ's assessment of the scope of an insurance policy under similar circumstances.[3]

Continental has directed the Court to *Temporary Employment Services v. Trinity Marine Group, Inc.,* 261 F. 3d 456 (5th Cir. 2001), in which the court found that the parties' claims regarding contractual indemnification provisions were beyond the scope of the statutory authority granted to the administrative tribunal.  The court analyzed the statute and concluded that the language granting the ALJ the power to resolve all questions "in respect of" an employee's claim should be defined as all questions "integral to" the employee's claim against the employer.  *Id.* at 462 (internal quotations omitted).  This Court is inclined to agree with the reasoning of the Fifth Circuit and its construction of the statute and to conclude that the insurance coverage dispute is collateral to the only issue the statute assigns to the ALJ to resolve: the claimant's entitlement to payment.

---

2   While the Sandi Group informed the Court at the hearing that it had no authority that would establish the ALJ's jurisdiction, its brief to the ALJ cited opinions of the Department of Labor Benefits Review Board recognizing the ALJs' authority to resolve insurance issues.  *See* Exhibit 2 to Def's Motion to Dismiss at 15.

3   The Sandi Group cites the *Makris* case, describing its holding as: "staying the decision as to the DBA coverage as the Court's 'delving into the coverage controversy at this time would undoubtedly interfere with the comprehensive review scheme provided for in the DBA.'"  Def's Reply Mem. at 4, quoting *Makris,* 669 F. Supp. 2d at 208.  But that decision did not involve a court's deferring to the ALJ to resolve an insurance coverage dispute between an employer and a carrier; *Makris* was a tort action brought by employees against an employer who claimed immunity under the DBA.  The federal court elected to stay its consideration of the question of whether the employees were limited to the exclusive remedies prescribed in the workmen's compensation statute while the question of whether they were covered by the statute was also pending at the Department of Labor and in state court.  The case is also distinguishable because multiple parallel proceedings considering the very question presented to the district court were already underway; here it is not clear that the ALJ will ultimately be ruling on the question before this Court at all.

It is important to note, though, that the Department of Labor Benefits Review Board has ruled that "the administrative law judge has the power to hear and resolve insurance issues which are necessary to the resolution of a claim under the Act." *Weber v. S.C. Lobeland Co.*, 28 BRBS 321, 1994 WL 712512, *9 (Nov. 29, 1994). But the D.C. Circuit has not weighed in on this issue, and the Court need not resolve the jurisdictional question to rule on the motion to dismiss. Even if the ALJ has concurrent authority to consider the scope of a DBA insurance policy, there is no basis to conclude – and the Sandi Group has not argued – that the resolution of the legal question will require specialized knowledge that is resident at the Department of Labor, or that it will turn upon an examination that the ALJ is particularly suited to undertake. So, there is no reason to decline to exercise the jurisdiction that this Court clearly possesses and defer to the agency. Nor is the Court persuaded that the ALJ has undertaken to decide the coverage issue, or that it will be decided promptly, so it is not necessary to stay this action.

It is true that the Sandi Group, in its trial brief, urged the ALJ to resolve the coverage issue. *See* Sandi Group's ALJ Brief at 13–15. But the ALJ's Order to Show Cause does not indicate to the Court that the ALJ accepted that invitation. *See* Order to Show Cause.

The Order to Show Cause simply reports that the insurance carrier (the plaintiff in this action) filed a Notice of Controversion, stating that the DBA policy covered U.S. employees only. Order to Show Cause at 1. The Order states: "In response, the Employer [the defendant in this action] asserts that if the insurance policy does not apply to the Claimant's claim, then DynCorp may become liable for benefits . . . . Therefore, the Employer argues that this case cannot be tried without DynCorp as a party . . . ." *Id.* at 1–2. Notably, the Order does not set forth the Sandi Group's position on whether the ALJ should address the coverage question; it

simply reports that the Employer took the position that *if* there is no coverage, then DynCorp is liable.

The Order further reports that "the Carrier argues that the disputed issue of insurance coverage falls outside the jurisdiction of this Court, and therefore requests that this issue be set aside and decided in a court of general jurisdiction." *Id.* at 2. Meanwhile, according to the Order:

> The Claimant argues that the Employer, The Sandi Group, is liable for compensation payments regardless of whether these payments are covered by an insurance policy . . . . Further, the Claimant asserts that any benefits awarded the Claimant should be issued against the Employer, and then the Employer may pursue an indemnity claim against the Carrier in a court of general jurisdiction."

*Id.*

The ALJ did not specify in the Order whether she ultimately intended to adopt the approach urged by the Employer or by the Carrier and the Claimant. Instead, the rest of the Order was devoted to her ruling: that the then-scheduled hearing would be cancelled and that the parties had thirty days to show cause why DynCorp should not be joined as a party to the case. *Id.*

The Sandi Group rests its motion to dismiss on the single paragraph of the Order in which the ALJ stated:

> I note that I must 'inquire fully into the matters at issue and shall receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters . . . . Additionally, unless the interest of justice require, all issues should be adjudicated in one proceeding to avoid piecemeal litigation and needless procedural delay . . . .

*Id.* (citations omitted).  The Sandi Group asserts that in these sentences, the ALJ indicated that it was her intention to rule on the coverage issue, and that therefore, this Court should defer to the ALJ's exercise of jurisdiction over the matter.

But the ALJ's statement is too general to be read as a definitive assumption of jurisdiction over the coverage dispute.  Moreover, the Sandi Group's interpretation is not consistent with the final sentence of the paragraph, in which the ALJ concludes:

> Because of due process and judicial efficiency concerns, I find it procedurally improper to continue without addressing the possible joinder of DynCorp as a party to this proceeding.

*Id.*  It appears to this Court that the sentences cited by the Sandi Group provide the background for the issuance of the Order to Show Cause on the indispensable party issue, and they cannot be read as a clear statement of the ALJ's intention to take up the coverage issue.  At best, the Order gives rise to a possibility that the administrative tribunal will rule on the coverage question at some unspecified time after it has had the benefit of the parties' briefing.

Since it is not apparent to the Court whether or when the ALJ will construe the Policy – if it even has the authority to make such a ruling – the Court cannot conclude that the interests of judicial economy militate in favor of dismissal or a stay, particularly since the declaratory judgment action here is likely to be resolved with dispositive motions that can be briefed on an expedited schedule if necessary.

Therefore, for all of the reasons set forth above, it is ORDERED that the motion to dismiss, or in the alternative to stay, this action is hereby DENIED.

And it is further ORDERED that the parties shall meet and confer and submit a joint report pursuant to LCvR 16.3 by September 9, 2011.

                                                AMY BERMAN JACKSON
                                                United States District Judge

DATE: August 19, 2011